UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TEMPLE CONTRACT STATION, LLC <br> D/B/A HAWKEYE SHOOTING <br> ACADEMY, <br> *Plaintiff,* <br><br> vs. <br><br><br> NOVA CASUALTY COMPANY AND <br> HANOVER INSURANCE COMPANY, <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 6:26-CV-3 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE UNITED STATES DISTRICT COURT:**

COMES NOW, **TEMPLE CONTRACT STATION, LLC D/B/A HAWKEYE SHOOTING ACADEMY** (herein individually or collectively "Plaintiff"), and files this *Plaintiff's First Amended Complaint* of Defendants **NOVA CASUALTY COMPANY** and **HANOVER INSURANCE COMPANY,** (herein "Defendant Insurance Company" or "Defendants"), and for cause of action shows the Court the following:

### I.  DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery pursuant to the Federal Rules of Civil Procedure and affirmatively pleads that Plaintiff seeks monetary relief in excess of $1,000,000.00, including statutory or punitive damages and penalties, attorneys' fees, and costs. Such monetary relief is within the jurisdictional limits of this Court and for which this lawsuit is brought.

### II.  PARTIES

2.1     Plaintiff, **TEMPLE CONTRACT STATION, LLC D/B/A HAWKEYE SHOOTING ACADEMY,** is an individual who resides in BELL County, Texas.

Plaintiff's First Amended Complaint
MLF File No. 831149



1

2.2     Defendant **NOVA CASUALTY COMPANY** ("Defendant Insurance Company") is a foreign insurance company incorporated in the State of Massachusetts, organized under the laws of the State of Massachusetts, and engaged in the business of insurance in the State of Texas. Defendant has already made an appearance in the removed state action.

2.3     Defendant **HANOVER INSURANCE COMPANY** ("Defendant") is a foreign insurance company incorporated in the State of Massachusetts and authorized to engage in the business of insurance in the State of Texas. **Service of process is requested to be effectuated in accordance with Federal Rule of Civil Procedure 4(h) by serving Defendant's registered agent for service of process by certified mail, return receipt requested, by an authorized process server, by delivering a copy of the Amended Complaint and summons to:**

**CT CORPORATION SYSTEM**
**1999 Bryan St., Ste. 900**
**Dallas, Texas 75201-3136**

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of the State of Texas and a corporate entity domiciled in the State of Massachusetts and the amount in controversy exceeds $75,000.00, excluding interest and costs.

3.2     This Court has jurisdiction over Defendants because these Defendants purposefully availed itself of the privilege of conducting activities within the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Nova Casualty Company and Hanover Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.3     Furthermore, Plaintiff would show that Defendants were engaged in activities constituting the business of insurance in the State of Texas.

3.4      Venue is proper in this district under 28 U.S.C. §1391(a)(2) because the property at issue and a substantial part of the events or omissions giving rise to this claim occurred in this district. The property the subject of these claims and all bad faith claims handling by Defendants giving rise to this lawsuit occurred in Temple, Bell County, Texas, which is within the geographical confines of the Western District of Texas. Accordingly, venue is proper in the Western District of Texas.

## V. FACTS

4.1.     Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was AIX BRO-ML-10001584-01 (hereinafter referred to as "the Policy")

4.2     Plaintiff owns the insured property, which is located at 119 N. 19th Street, Temple, TX 76504, (hereinafter referred to as "the Property").

4.3.     On or about May 22, 2024, the insured property was severely damaged by a severe hail and/or windstorm (the "covered loss event"). Shortly thereafter, Plaintiff filed a claim with Defendant Insurance Company to be compensated for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 85-00609095.

4.4     Defendant Insurance Company failed to adopt and implement reasonable standards for the prompt investigation of claims such as Plaintiff herein.

4.5     Plaintiff submitted a demand that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the

property as well as those within the interior, pursuant to the Policy.

4.6 Plaintiff suffered significant interior damage and equipment failure resulting from the covered loss event. Plaintiff possesses photographic evidence of the interior damages and the equipment loss. Defendant wrongfully contends that the claim for Business Income Loss was excluded, asserting that the HVAC1 unit's report confirmed the business was not affected. Defendant, however, referenced the incorrect air conditioning unit. The HVAC1 unit in question is located in the interior closet of the insured premises and was damaged by a power surge. Said unit has not yet been compensated under the policy. This specific HVAC system served a vital role in filtering and clearing toxins emitted within the shooting range. Following the loss, the business was unable to operate due to poor air quality and the presence of poisonous gas, rendering the premises unsafe for operation.

4.7 Accordingly, Plaintiff asserts that the resulting business interruption and related income loss constitute a valid and payable claim under the Policy.

## VI. ADDITIONAL FACTS AND WRONGFUL DENIAL OF BUSINESS INCOME CLAIM

4.8 Plaintiff incorporates all preceding paragraphs herein by reference. In further support of this claim, Plaintiff asserts that Defendant Insurance Company and/or its reinsurer wrongfully denied coverage for the Business Income Loss, contending that there was 'no cause of loss.' Such denial was made in disregard of clear and substantial evidence of covered damage, including photographic documentation and reports, demonstrate that Defendant Insurance Company's findings were incorrect, arbitrary, and inconsistent with the terms and obligations of the Policy. Defendant's mischaracterization of the cause of loss and its continued failure to pay for the covered damages constitute bad faith handling and a further violation of the Texas Insurance Code and the duty of good faith and fair dealing.

4.9     Defendant Insurance Company ignored and or did not pay the demand, did not effectuate a good faith attempt to promptly, fairly, and equitably resolve or settled the amount of said claim in which liability is reasonably clear.

4.10    Defendant Insurance Company compelled this policyholder to institute this suit to recover an amount due under said insurance policy.

4.11    Defendant Insurance Company action and or omission constitutes multiple breaches of contract, violations of the Texas Insurance Code and or the Texas DTPA.

## VII. CAUSE OF ACTIONS: NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

5.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5 et al., and incorporates the same herein by this reference as if here set forth in full.

5.2     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§541.060(a)(1).

5.3     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

5.4     Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

5.5     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

5.6     Defendant Insurance Company refused to fully and timely compensate Plaintiff, under the terms of the Policy and/or under the Texas Insurance Code. Defendant failed to conduct a reasonable investigation, but still maintained actual awareness that it was liable to pay the full amount of loss on Plaintiff's claim since the claim's inception. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

5.7     Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

5.8     Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

5.9     Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment

for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

### VIII. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

6.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6 et al., and incorporates the same herein by this reference as if here set forth in full.

6.2     Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

6.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

6.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

6.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

7.1     The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant

Insurance Company, the insurer. TEX.INS.CODE §4001.051.

7.2     Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

### X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY VIOLATIONS OF THE TEXAS DTPA

8.1     Plaintiff asserts they are consumers under the DTPA and that the Defendant Insurance Company is liable under the DTPA for one or more of the following violations, to-wit:

(a)     False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

(b)     Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

(2)     causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)     causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5)     representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7) representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]

8.2     Plaintiff asserts that they relied on one or more of the foregoing to their detriment on said false and or misleading representation, and that said reliance is a producing cause of their damages. Further, said reliance was a substantial factor in bringing about the injury, without which the injury would not have occurred.

8.3     Plaintiff further asserts that Defendant's conduct was committed knowingly and as a consumer under the DTPA, Plaintiff seeks mental anguish damages and further seek enhanced damages for said mental anguish and economic damage up to three times the actual amount as determined by the trier of fact.

### XI. KNOWLEDGE AND INTENT

9.1     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and or the Texas DTPA, and was a producing and proximate cause of Plaintiff's damages described herein.

9.2     Each of the acts described above, together and singularly, was done "intentionally,"

as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XII. DAMAGES

10.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

10.2    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus the highest rate allowed by law for prompt payment penalty interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

10.3    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

10.4    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XIII. RESERVATION OF RIGHTS

11.1    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XIV. CONDITIONS PRECEDENT

12.1    Pursuant to Rule 9 of the Federal Rules of Civil Procedure, all conditions precedent

to Plaintiffs' right to recover herein have been performed or have occurred.

## XV. JURY DEMAND

13.1     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in BELL County, Texas.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code and or DTPA, and all punitive, exemplary damages and treble as may be found, and, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**MOORE LAW FIRM**
1300 N. 10th Street, Suite 400
McAllen, Texas 78501
Telephone: (956) 631-0745
Facsimile:  (888) 266-0971
firstpartylit@moore-firm.com

By:     /s/ J. Michael Moore
**J. Michael Moore**
State Bar No.: 14349550
**R. Nicholas Moore**
State Bar No.: 24098134
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that the original document was served upon the following, on the **20th day of January, 2026**, via eService in accordance with the Federal Rules of Civil Procedure:

                                                /s/ J. Michael Moore
                                                J. Michael Moore